**Adefusi Oladele SAKOTE, Appellee,**

v.

**DISTRICT OF COLUMBIA, Appellant.**

No. 01–7189.

United States Court of Appeals,
District of Columbia Circuit.

Filed March 10, 2003.

Before GINSBURG, Chief Judge, and SENTELLE and RANDOLPH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. It is

ORDERED AND ADJUDGED that the district court's orders granting the District of Columbia's motions to dismiss and for summary judgment be affirmed.

Even if we assume that Sakote's claim for "unconstitutional retaliation" based upon his allegedly protected complaints about his supervisor would support individual liability under 42 U.S.C. § 1983, the district court was correct to conclude that Sakote failed to raise a genuine issue of fact concerning the existence of a custom of unconstitutional behavior by the District. *See Monell v. Dept. of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The three other complaints upon which Sakote relied, whatever their merit, did not show sufficiently widespread conduct to impute knowing violation of or deliberate indifference to his rights by the District. *Cf. Canton v. Harris,* 489 U.S. 378, 390 n. 10, 109 S.Ct. 1197, 103 L.Ed.2d 412 ("It could ... be that [municipal employees], in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need").

The district court also correctly dismissed Sakote's claims for retaliation under the federal and D.C. false claims acts because Sakote was not "investigating matters that 'reasonably could [have] le[d]' to a viable False Claims Act case." *United States ex rel. Yesudian v. Howard Univ.,* 153 F.3d 731, 740 (D.C.Cir.1998). The supervisor's alleged attempt to bilk Sakote out of a portion of his paycheck would not constitute a kickback scheme involving government funds and actionable under the False Claims Act.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.